UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| FIRST GUARANTY BANK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN M. LARMORE; | ) | Docket No.: 5:23-cv-683 |
| ARCITERRA STRATEGIC RETAIL | ) | |
| ADVISOR, LLC; ARCITERRA | ) | |
| STRATEGIC RETAIL-WHEATLAND IL, | ) | |
| LLC; ARCITERRA STRATEGIC | ) | |
| RETAIL-BRIARGATE & LINDEN IL, | ) | |
| LLC; ARCITERRA STRATEGIC | ) | |
| INCOME CORPORATION - | ) | |
| BELLEVILLE CROSSING IL; AT | ) | |
| WHEATLAND NAPERVILLE IL, LLC; | ) | |
| AT BRIARGATE IL, LLC; AT | ) | |
| BELLEVILLE CROSSING IL-INLINE, | ) | |
| LLC; AT FORUM LOUISVILLE KY II, | ) | |
| LLC; AT BLOOMINGTON IL, LLC; | ) | |
| ARCITERRA USB ROCHESTER MN, | ) | |
| LLC; AND SPIKE HOLDINGS, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

**VERIFIED COMPLAINT SEEKING (I) AMOUNTS DUE UNDER NOTES AND (II) RECOGNITION OF SECURITY INTERESTS**

Plaintiff First Guaranty Bank ("Plaintiff") files this verified complaint against Jonathan M. Larmore; Arciterra Strategic Retail Advisor, LLC; Arciterra Strategic Retail-Wheatland IL, LLC; Arciterra Strategic Retail-Briargate & Linden IL, LLC; Arciterra Strategic Income Corporation - Belleville Crossing IL; AT Wheatland Naperville IL, LLC; AT Briargate IL, LLC; AT Belleville Crossing IL-Inline, LLC; AT Forum Louisville KY II, LLC; AT Bloomington IL, LLC; Arciterra USB Rochester MN, LLC; and Spike Holdings, LLC. In support of the Complaint, Plaintiff respectfully submits as follows:

1

## PARTIES

1. Plaintiff is a Louisiana state-chartered bank, with its principal office located at 400 East Thomas Street, Hammond, Louisiana 70401-3320.

2. Defendant Jonathan M. Larmore is person of the age of majority and a resident and domiciliary of the State of Arizona.

3. The remaining Defendants are juridical persons whose legal and beneficial ownership is held in full by one or more of the following: Jonathan M. Larmore, a domiciliary of Arizona; Michelle Larmore, a domiciliary of Arizona; Robert H. Larmore (deceased), a domiciliary of Indiana; and Marcia Moynahan Larmore, a domiciliary of Indiana. Namely,

   a. Arciterra Strategic Retail Advisor, LLC, is an Arizona limited liability company with its principal office located at 2701 E. Camelback Road, Suite 150, Phoenix, Arizona 85016.

   b. Arciterra Strategic Retail-Wheatland IL, LLC, is an Arizona limited liability company with its principal office located at 2701 E. Camelback Road, Suite 150, Phoenix, Arizona 85016.

   c. Arciterra Strategic Retail-Briargate & Linden IL, LLC, is an Arizona limited liability company with its principal office located at 2701 E. Camelback Road, Suite 150, Phoenix, Arizona 85016.

   d. Arciterra Strategic Income Corporation - Belleville Crossing IL, is a corporation organized under the laws of the state of Maryland, with its principal place of business located at 2720 E. Camelback Road, Suite 220, Phoenix, Arizona 85016.

e.  AT Wheatland Naperville IL, LLC, is an Arizona limited liability company with its principal office located at 2720 E. Camelback Road, Suite 220, Phoenix, Arizona 85016.

f.  AT Briargate IL, LLC, is an Arizona limited liability company with its principal office located at 2720 E. Camelback Road, Suite 220, Phoenix, Arizona 85016.

g.  AT Belleville Crossing IL-Inline, LLC, is an Arizona limited liability company with its principal office located at 2720 E. Camelback Road, Suite 220, Phoenix, Arizona 85016.

h.  AT Forum Louisville KY II, LLC, is a Delaware limited liability company with its principal office located at 2701 E. Camelback Road, Suite 150, Phoenix, Arizona 85016.

i.  AT Bloomington IL, LLC, is an Arizona limited liability company with its principal office located at 2720 E. Camelback Road, Suite 220, Phoenix, Arizona 85016.

j.  Arciterra USB Rochester MN, LLC, is an Arizona limited liability company with its principal place of business located at 2701 E. Camelback Road, Suite 150, Phoenix, Arizona 85016.

k.  Spike Holdings, LLC is an Arizona limited liability company with its principal place of business located at 2720 E. Camelback Road, Suite 220, Phoenix, Arizona 85016.

## JURISDICTION AND VENUE

4.  The United States District Court for the Western District of Louisiana (the "Court") has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is civil in nature, diversity of citizenship exists, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

### The Wheatland Loan Documents

6. On or about March 31, 2021, AT Wheatland Naperville, IL, LLC ("Wheatland"), executed and delivered to Plaintiff that certain Promissory Note ending in 6004 (the "Wheatland Note") under which Wheatland agreed to pay Plaintiff the principal amount of $7,000,400.37, with interest and certain other amounts as provided therein. A true and correct copy of the Wheatland Note is attached hereto and incorporated herein by reference as **Exhibit A-1**.

7. On or about March 31, 2021, Wheatland executed and delivered to Plaintiff that certain Business Loan Agreement (the "Wheatland Loan Agreement"), under which Wheatland agreed to various terms in connection with the Loan. A true and correct copy of the Wheatland Loan Agreement is attached hereto and incorporated herein by reference as **Exhibit A-2**.

8. On or about March 31, 2021, Wheatland executed and delivered to Plaintiff a Disbursement Request and Authorization for proceeds in the amount of $7,000,400.37. A true and correct copy of the Wheatland Disbursement Request is attached as **Exhibit A-3**.

9. On or about March 31, 2021, Wheatland executed and delivered to Plaintiff a Notice of Final Agreement which references a number of Loan Documents relating to the Wheatland Loan ending in 6004, including an Illinois Mortgage for Real Property located at PIN 07-01-10-101-005-0000, 07-01-10-101-010-0000, 07-01-10-101-013-1001, and 07-01-10-101-013-1003. A true and correct copy of the Wheatland Notice of Final Agreement is attached as **Exhibit A-4**.

10. To secure the obligations evidenced by the Wheatland Note, Wheatland executed a Mortgage dated March 31, 2021, to Plaintiff on real property located in Will County, Illinois, and

an Assignment of Rents to Plaintiff. On May 6, 2021, the 2021 Wheatland Mortgage was filed and recorded with the Will County, Illinois Recorder as Document #R2021051298, and the Assignment of Rents was filed and recorded with the Will County, Illinois Recorder as Document #R2021051299. A true and correct copy of the 2021 Wheatland Mortgage and Assignment of Rents is attached, *in globo*, as **Exhibit A-5**.

11.  Wheatland also executed a "Open-End Mortgage, Assignment of Rents, Security Agreement and Fixture Filing" dated September 30, 2022, to Plaintiff. The 2022 Wheatland Mortgage was filed and recorded with the Will County, Illinois Recorder on October 7, 2022, as Document # R2022073920. A true and correct copy of the 2022 Wheatland Mortgage is attached as **Exhibit A-6.**

12.  The Wheatland Mortgages pertain to the following immovable property, a multi-tenant commercial retail property expected to remain in operation during this proceeding:

| Parcel | PIN | Common Address |
|---|---|---|
| 1 | 07-01-10-101-005-0000 | 3204 S. Route 59, Naperville, IL |
| 2 | 07-01-10-101-010-0000 | 3124 S. Route 59, Naperville, IL |
| 3 | 07-01-10-101-013-1001 | 3224 S. Route 59, Naperville, IL |
| 4 | 07-01-10-101-013-1003 | 3224 S. Route 59, Naperville, IL |

This immovable property is collectively referred to as the "Wheatland Property."

13.  In addition to an Assignment of Rents, the 2022 Wheatland Mortgage contains a security agreement within the meaning of the Uniform Commercial code (the "UCC"), Chapter 9 of the Louisiana Uniform Commercial Code, La. R.S. § 10:9-101, *et seq*., and/or Chapter 9 of the Illinois Uniform Commercial Code, 810 ILCS 5/Art. 9, pursuant to which Wheatland granted security interests to and in all fixtures, machinery, equipment, and appliances located in or intended to be used in connection with the Wheatland Property, as well as leases and rents affecting the

Wheatland Property, and specifically designates the instrument as a "fixture filing." The 2021 Wheatland Mortgage likewise preserves Plaintiff's security interests in this collateral.

14. As evidenced by those certain Commercial Guaranty agreements dated March 31, 2021, executed and delivered by Jonathan M. Larmore, Arciterra Strategic Retail-Wheatland IL, LLC, and Arciterra Strategic Retail Advisor, LLC (collectively, the "Wheatland Guarantors") in favor of Plaintiff, the Wheatland Guarantors irrevocably and unconditionally guaranteed to Plaintiff the payment and performance of all obligations and liabilities of Wheatland. A true and correct copy of the Wheatland Guaranty Agreements are attached hereto *in globo* and incorporated herein by reference as **Exhibit A-7**.

## The Briargate Loan Documents

15. On or about August 31, 2021, AT Briargate IL, LLC ("Briargate") executed and delivered to Plaintiff that certain Promissory Note ending in 2005 (the "Briargate Note") under which Briargate agreed to pay Plaintiff the principal amount of $2,615,000.00, with interest and certain other amounts as provided therein. A true and correct copy of the Briargate Note is attached hereto and incorporated herein by reference as **Exhibit B-1**.

16. On or about August 31, 2021, Briargate executed and delivered to Plaintiff that certain Construction Loan Agreement (the "Briargate Loan Agreement"), under which Briargate agreed to various terms in connection with the Loan. A true and correct copy of the Briargate Loan Agreement is attached hereto and incorporated herein by reference as **Exhibit B-2**.

17. On or about August 31, 2021, Briargate executed and delivered to Plaintiff a Disbursement Request and Authorization for proceeds in the amount of $2,615,000. A true and correct copy of the Briargate Disbursement Request is attached as **Exhibit B-3**.

18. On or about August 31, 2021, Briargate executed and delivered to Plaintiff a Notice of Final Agreement which references a number of Loan Documents relating to the Briargate Loan ending in 2005, including an Illinois Mortgage for Real Property located at 454 & 456-464 Redington Drive and 465 Briargate Drive, South Elgin, IL 60177. A true and correct copy of the Briargate Notice of Final Agreement is attached as **Exhibit B-4.**

19. To secure the obligations evidenced by the Briargate Note, Briargate executed a Mortgage dated August 31, 2021, to Plaintiff on real property located in Kane County, Illinois, and executed a related Assignment of Rents. The Briargate Mortgage and Assignment of Rents were filed and recorded with the Kane County, Illinois Recorder on September 3, 2021, as Document #2021K067536 and Document #2021K067537. A true and correct copy of the Briargate Mortgage and Assignment of Rents is attached *in globo* as **Exhibit B-5**.

20. The Briargate Mortgage pertains to the following multi-tenant commercial retail property expected to remain in operation during this proceeding: 454 & 456-464 Redington Dr South Elgin, IL 60177, and 465 Briargate Dr South Elgin, IL 60177. This immovable property is collectively referred to as the "Briargate Property."

21. The Briargate Mortgage contains a security agreement within the meaning of the Uniform Commercial code (the "UCC"), Chapter 9 of the Louisiana Uniform Commercial Code, La. R.S. § 10:9-101, *et seq*., and/or Chapter 9 of the Illinois Uniform Commercial Code, 810 ILCS 5/Art. 9, pursuant to which Briargate granted security interests in all fixtures located on the Briargate Property, as well as rents affecting the Briargate Property.

22. As evidenced by those certain Commercial Guaranty agreements dated August 31, 2021, executed and delivered by Jonathan M. Larmore, Arciterra Strategic Retail – Briargate & Linden, IL, LLC, and Arciterra Strategic Retail Advisor, LLC (collectively, the "Briargate Guarantors") in

favor of Plaintiff, the Briargate Guarantors irrevocably and unconditionally guaranteed to Plaintiff the payment and performance of all obligations and liabilities of Briargate. A true and correct copy of the Briargate Guaranty Agreements is attached hereto *in globo* and incorporated herein by reference as **Exhibit B-6**.

## The Belleville Loan Documents

23. On or about October 28, 2021, AT Belleville Crossing IL - Inline LLC ("Belleville") executed and delivered to Plaintiff that certain Promissory Note ending in 4089 (the "Belleville Note") under which Belleville agreed to pay Plaintiff the principal amount of $8,647,133.22, with interest and certain other amounts as provided therein. A true and correct copy of the Belleville Note is attached hereto and incorporated herein by reference as **Exhibit C-1**.

24. On or about October 28, 2021, Belleville executed and delivered to Plaintiff that certain Business Loan Agreement (the "Belleville Loan Agreement"), under which Belleville agreed to various terms in connection with the Loan. A true and correct copy of the Belleville Loan Agreement is attached hereto and incorporated herein by reference as **Exhibit C-2**.

25. On or about October 28, 2021, Belleville executed and delivered to Plaintiff a Disbursement Request and Authorization for proceeds in the amount of $8,647,133.22. A true and correct copy of the Belleville Disbursement Request is attached as **Exhibit C-3**.

26. On or about October 28, 2021, Belleville executed and delivered to Plaintiff a Notice of Final Agreement which references a number of Loan Documents relating to the Belleville Loan ending in 4089, including an Illinois Mortgage for Real Property located at 5875-5701 Belleville Crossing Street, Belleville, IL 62226, an Illinois Mortgage for Real Property located at 5551-5531 Belleville Crossing Street, Belleville, Illinois 62226, and two (2) IL Assignment of Rents. A true and correct copy of the Belleville Notice of Final Agreement is attached as **Exhibit C-4.**

27. To secure the obligations evidenced by the Belleville Note, Belleville executed the following:

    A. A Mortgage dated October 28, 2021, to Plaintiff on real property located at 5875-5701 Belleville Crossing Street, Belleville, IL 62226, in St. Clair County, Illinois, and an Assignment of Rents to Plaintiff on same; and

    B. A Mortgage dated October 28, 2021, to Plaintiff on real property located at 5551-5531 Belleville Crossing Street, Belleville, IL 62226, in St. Clair County, Illinois, and an Assignment of Rents to Plaintiff on same.

28. The Belleville Mortgages were filed and recorded with the St. Clair County, Illinois Recorder of Deeds on November 2, 2021, as Document #A02724004 and Document #A02724006. The Belleville Assignment of Rents pertaining to 5875-5701 Belleville Crossing Street, Belleville, IL was recorded with the St. Clair County, Illinois Recorder of Deeds on November 2, 2021, as Document #A02724005. The Belleville Assignment of Rents pertaining to 5551-5531 Belleville Crossing Street, Belleville, IL was recorded with the St. Clair County, Illinois Recorder of Deeds on November 4, 2021, as Document #A02724551. A true and correct copy of the Belleville Mortgages and Assignments of Rent is attached *in globo* as **Exhibit C-5.**

29. The Belleville Mortgages pertain to multi-tenant commercial retail property expected to remain in operation during this proceeding, located at the following addresses: 5875-5701 Belleville Crossing Street, Belleville, IL 62226, and 5551-5531 Belleville Crossing Street, Belleville, IL 62226. This immovable property is collectively referred to as the "Belleville Property."

30. The Belleville Mortgages contain a security agreement within the meaning of the Uniform Commercial code (the "UCC"), Chapter 9 of the Louisiana Uniform Commercial Code, La. R.S.

§ 10:9-101, *et seq.*, and/or Chapter 9 of the Illinois Uniform Commercial Code, 810 ILCS 5/Art. 9, pursuant to which Belleville granted security interests in all fixtures located on the Belleville Property, as well as rents affecting the Belleville Property.

31. As evidenced by those certain Commercial Guaranty agreements dated August 31, 2021, executed and delivered by Jonathan M. Larmore and Arciterra Strategic Income Corporation – Belleville Crossing IL (collectively, the "Belleville Guarantors") in favor of Plaintiff, the Belleville Guarantors irrevocably and unconditionally guaranteed to Plaintiff the payment and performance of all obligations and liabilities of Belleville. A true and correct copy of the Belleville Guaranty Agreements is attached hereto *in globo* and incorporated herein by reference as **Exhibit C-6**.

## The Louisville Loan Documents

32. On or about September 30, 2022, AT Forum Louisville KY II, LLC ("Louisville") executed and delivered to Plaintiff that certain Promissory Note ending in 9701 (the "Louisville Note") under which Louisville agreed to pay Plaintiff the principal amount of $13,250,000.00, with interest and certain other amounts as provided therein. A true and correct copy of the Louisville Note is attached hereto and incorporated herein by reference as **Exhibit D-1**.

33. On or about September 30, 2022, Louisville executed and delivered to Plaintiff that certain Business Loan Agreement (the "Louisville Loan Agreement"), under which Louisville agreed to various terms in connection with the Loan. A true and correct copy of the Louisville Loan Agreement is attached hereto and incorporated herein by reference as **Exhibit D-2**.

34. On or about September 30, 2022, Louisville executed and delivered to Plaintiff a Disbursement Request and Authorization for proceeds in the amount of $13,250,000.00. A true and correct copy of the Louisville Disbursement Request is attached as **Exhibit D-3**.

35. On or about September 30, 2022, Louisville executed and delivered to Plaintiff a Notice of Final Agreement which references a number of Loan Documents relating to the Louisville Loan ending in 9701. A true and correct copy of the Louisville Notice of Final Agreement is attached as **Exhibit D-4.**

36. The Louisville Note is secured by the following:

   A. An Open-End Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by Wheatland in favor of Plaintiff on real property located at 3124-3224 S. Route 59, Naperville, IL 60564, in Will County, Illinois (the 2022 Wheatland Mortgage, attached as **Exhibit A-6** and discussed *supra*);

   B. An Open-End Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by AT Bloomington IL, LLC, in favor of Plaintiff on real property located at 2243 Westgate Drive, Bloomington, IL 61705, in McLean County, Illinois, recorded with the McLean County Clerk on October 11, 2022, as File #2022-00018305; and

   C. An Open-End Leasehold Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by AT Forum Louisville KY II, LLC, in favor of Plaintiff on real property located at 150-300 N. Hurstbourne Parkway, Louisville, KY 40222, and on 0.806 +/- acres out Parcel 150-300 N. Hurstbourne Parkway, Louisville, KY 40222, in Jefferson County, Kentucky, recorded with the County Clerk's Office for Jefferson County, Kentucky, on October 4, 2022, as Instrument Number 2022227878, Mortgage Book 18275, Page 97-116 (collectively, the "Louisville Mortgages").

A true and correct copy of the Louisville Mortgages, excepting the 2022 Wheatland Mortgage attached as **Exhibit A-6**, is attached *in globo* as **Exhibit D-5.**

37. The Louisville Mortgages attached as **Exhibit D-5** pertain to the following immovable property, which is multi-tenant commercial retail property expected to remain in operation during this proceeding: 2243 Westgate Drive, Bloomington, IL 61705; 150-300 N. Hurstbourne Parkway, Louisville, KY 40222; and 0.806 +/- acres out Parcel 150-300 N. Hurstbourne Parkway, Louisville, KY 40222.

38. The Louisville Mortgages attached as **Exhibit D-5** contain security agreements within the meaning of the Uniform Commercial code (the "UCC"), Chapter 9 of the Uniform Commercial Codes for Louisiana, Illinois, and/or Kentucky (La. R.S. § 10:9-101, *et seq.*; 810 ILCS 5/Art. 9, *et seq.*; and KRS Chapter 355, Revised Article 9, *et seq.*), pursuant to which Plaintiff was granted security interests to and in all fixtures, machinery, equipment, and appliances located in or intended to be used in connection with the respective property, as well as leases and rents affecting the respective property, and specifically designates the instrument as a "fixture filing."

39. As evidenced by those certain Commercial Guaranty agreements dated September 30, 2022, executed and delivered by Jonathan M. Larmore, Arciterra Strategic Retail Advisor, LLC, AT Wheatland Naperville IL, LLC, and Spike Holdings, LLC (collectively, the "Louisville Guarantors") in favor of Plaintiff, the Louisville Guarantors irrevocably and unconditionally guaranteed to Plaintiff the payment and performance of all obligations and liabilities of Louisville. A true and correct copy of the Louisville Guaranty Agreements is attached hereto *in globo* and incorporated herein by reference as **Exhibit D-6**.

## The Rochester Loan Documents

40. On or about October 26, 2022, Arciterra USB Rochester MN, LLC ("Rochester") executed and delivered to Plaintiff that certain Promissory Note ending in 4206 (the "Rochester Note") under which Rochester agreed to pay Plaintiff the principal amount of $4,568,238.35, with interest

and certain other amounts as provided therein. A true and correct copy of the Rochester Note is attached hereto and incorporated herein by reference as **Exhibit E-1**.

41. On or about October 26, 2022, Rochester executed and delivered to Plaintiff that certain Business Loan Agreement (the "Rochester Loan Agreement"), under which Rochester agreed to various terms in connection with the Loan. A true and correct copy of the Rochester Loan Agreement is attached hereto and incorporated herein by reference as **Exhibit E-2**.

42. On or about October 26, 2022, Rochester executed and delivered to Plaintiff a Disbursement Request and Authorization for proceeds in the amount of $4,568,238.35. A true and correct copy of the Rochester Disbursement Request is attached as **Exhibit E-3**.

43. On or about October 26, 2022, Rochester executed and delivered to Plaintiff a Notice of Final Agreement which references a number of Loan Documents relating to the Rochester Loan ending in 4206. A true and correct copy of the Rochester Notice of Final Agreement is attached as **Exhibit E-4.**

44. To secure the obligations set forth in the Rochester Note, on or about October 26, 2022, Rochester executed a Mortgage and Security Agreement and Fixture Financing Statement in favor of Plaintiff on real property in Olmstead County, Minnesota. Rochester also executed a related Assignment of Rents and Leases on or about October 26, 2022, in favor of Plaintiff. The Mortgage and Security Agreement and Fixture Financing Statement and the Assignment of Rents and Leases were recorded with the Olmstead County, Minnesota, Office of the County Recorder on October 28, 2022, as Document #A1576238 and Document #A1576239. A true and correct copy of the Rochester Mortgage and Assignment of Rents and Leases is attached, *in globo*, as **Exhibit E-5**.

45. The Rochester Mortgage pertains to immovable property, a multi-tenant retail space expected to remain in use during this proceeding, located at 2665 Commerce Dr NW Rochester MN 55901, referred to as the "Rochester Property."

46. The Rochester Mortgage contains a security agreement within the meaning of the Uniform Commercial code (the "UCC"), Chapter 9 of the Louisiana Uniform Commercial Code, La. R.S. § 10:9-101, *et seq*., and/or Chapter 9 of the Minnesota Uniform Commercial Code, MN Statutes 336.9-101, *et seq*., pursuant to which Rochester granted security interests to and in all fixtures on the Rochester Property, as well as leases and rents affecting the Rochester Property (among other collateral) and specifically designates the instrument as a "fixture filing."

47. As evidenced by those certain Commercial Guaranty agreements dated October 26, 2022, executed and delivered by Jonathan M. Larmore and Arciterra Strategic Retail Advisor, LLC (collectively, the "Rochester Guarantors") in favor of Plaintiff, the Rochester Guarantors irrevocably and unconditionally guaranteed to Plaintiff the payment and performance of all obligations and liabilities of Rochester. A true and correct copy of the Rochester Guaranty Agreements is attached hereto *in globo* and incorporated herein by reference as **Exhibit E-6**.

## EVENTS OF DEFAULT UNDER THE LOAN DOCUMENTS

48. With respect to the Wheatland Loan, Wheatland was obligated to make 35 regular monthly payments of $43,633.11 and one irregular last payment estimated at $6,344,802.55, beginning on May 10, 2021. See **Exhibit A-1**.

49. The Wheatland Loan became delinquent on March 11, 2023, when the regular payment of $43,633.11 was not paid to Plaintiff.

50. With respect to the Briargate Loan, Briargate was obligated to make 59 regular monthly payments of $16,297.60 each and one irregular last payment estimated at $2,173,805.59, beginning on October 10, 2021.  See **Exhibit B-1**.

51. The Briargate Note became delinquent on March 11, 2023, when the regular payment of $16,297.60 was not paid to Plaintiff.

52. With respect to the Belleville Loan, Belleville was obligated to make 59 regular monthly payments of $56,276.10 each and one irregular last payment estimated at $7,258,560.52, beginning on December 7, 2021.  See **Exhibit C-1.**

53. The Belleville Loan became delinquent on March 8, 2023, when the regular payment of $56,276.10 was not paid to Plaintiff.

54. With respect to the Louisville Loan, Louisville was obligated to make regular monthly payments of accrued unpaid interest due, beginning October 30, 2022.  See **Exhibit D-1**.

55. The Louisville Loan became delinquent on March 1, 2023, when the regular payment of $71,874.35 was not paid to Plaintiff.

56. With respect to the Rochester Loan, Rochester was obligated to make 239 regular monthly payments of $34,373.76 and an irregular last payment estimated at $34,374.63, beginning December 5, 2022. See **Exhibit E-1**.

57. The Rochester Loan became delinquent on April 6, 2023, when the regular payment of $34,373.76 was not paid to Plaintiff.

58. By correspondence dated April 20, 2023, Plaintiff made demand upon the maker of each aforementioned Note and respective guarantors through a "Notice of Default, Demand for Payment, and Increase in Interest Rate" (the "Demand Letters").  A true and correct copy of the Demand Letters (attached *in globo*) is incorporated as **Exhibit F**.

59. The Demand Letters advised that the aforementioned Loans were in default for nonpayment.

60. The Demand Letters also advised that, in addition to the default for nonpayment, the Plaintiff in good faith believed it was insecure with regard to the repayment of the respective Loans, constituting an additional event of contractual default with respect to each Loan.

61. The Demand Letters further advised that the Plaintiff elected to accelerate the Notes, making them fully due and payable.

62. The Demand Letters provided notice that the interest rate on each Loan was being increased to 21% per annum based on a year of 360 days until the respective Note is paid in full, as a result of the respective defaults as to each Loan (the "Default Rate").

63. The documents set forth in Exhibits A-E (collectively the "Loan Documents") allow Plaintiff to recover costs, expenses, and fees, including attorneys' fees, incurred in connection with the enforcement of the respective agreements therein, and to recover all expenses and costs Plaintiff incurs in preserving and maintaining its collateral.

64. Plaintiff specifically reserves all of its rights against each Defendant and all other persons for any and all other causes of action not alleged herein and any and all other assets or security of any kind or type, together with all rights against all other collateral, property, endorsers, guarantors, sureties, or others. Plaintiff prays that judgment be rendered specifically reserving its rights against Defendants and all other parties for any and all other causes of action not alleged herein including, without limitation, all rights against all endorsers, guarantors, indemnitors, sureties, or others, and also reserving all rights in any and all other assets, collateral, property or security of any kind or type.

65. Plaintiff has engaged Gold, Weems, Bruser, Sues & Rundell, APLC, to enforce its rights under the Loan Documents, to institute these proceedings to collect amounts due under each Note, and to seek the recognition of, and enforce, the Mortgages and related security interests. Accordingly, Plaintiff is entitled to recover from Defendants its reasonable attorneys' fees, court costs, and other expenses that are incurred in connection with the enforcement of the Loan Documents and with these proceedings.

66. As of April 20, 2023, the balance due and owing to Plaintiff on the Wheatland Loan was $6,839,642.46; on the Briargate Loan was $2,609,410.12; on the Belleville Loan was $8,661,167.96; on the Louisville Loan was $13,482,027.48; and on the Rochester Loan was $4,585,933.77.

67. In addition to these balance amounts, Plaintiff is entitled to (i) interest on these balances at the Default Rate of 21% per annum based on a year of 360 days, accruing from April 20, 2023, until the respective Note is paid in full; (ii) reasonable attorneys' fees, along with all costs, charges, and expenses allowed by the Loan Documents that have accrued and that will continue to accrue as a result of Defendants' defaults until all obligations owed to Plaintiff are paid in full; and (iii) all costs of collection.

## **PRAYER**

Wherefore, Plaintiff First Guaranty Bank respectfully requests:

   A. After due proceedings, a judgment is rendered in Plaintiff's favor and against:

      1. AT Wheatland Naperville, IL, LLC; Jonathan M. Larmore; Arciterra Strategic Retail-Wheatland IL, LLC; and Arciterra Strategic Retail Advisor, LLC, for the sum of **$6,839,642.46**;

      2. AT Briargate IL, LLC; Jonathan M. Larmore; Arciterra Strategic Retail – Briargate & Linden, IL, LLC; and Arciterra Strategic Retail Advisor, LLC, for the sum of **$2,609,410.12**;

3. AT Belleville Crossing IL - Inline LLC; Jonathan M. Larmore; and Arciterra Strategic Income Corporation – Belleville Crossing IL, for the sum of **$8,661,167.96**;

4. AT Forum Louisville KY II, LLC; Jonathan M. Larmore; Arciterra Strategic Retail Advisor, LLC; AT Wheatland Naperville IL, LLC, and Spike Holdings, LLC, for the sum of **$13,482,027.48**; and

5. Arciterra USB Rochester MN, LLC; Jonathan M. Larmore; and Arciterra Strategic Retail Advisor, LLC, for the sum of **$4,585,933.77**;

*plus*, **as to each sum**: (i) additional interest at the Default Rate of 21% per annum based on a year of 360 days, accruing from April 20, 2023, until the respective Note is paid in full; (ii) reasonable attorneys' fees, along with all costs, charges, and expenses allowed by the Loan Documents that have accrued and that will continue to accrue as a result of these respective Defendants' defaults until all obligations owed to Plaintiff are paid in full; and (iii) all costs of collection;

B. After due proceedings, a judgment is rendered in favor of Plaintiff and against Defendants, recognizing Plaintiff as the holder and owner of the Notes, the Loan Agreements, the Mortgages, the Assignments of Rents and Leases, and the Guaranty Agreements;

C. After due proceedings, a judgment is rendered in favor of Plaintiff and against Defendants recognizing (i) the validity and enforceability of the mortgages, liens, and security agreements created and evidenced by the Mortgages and Assignment of Rents and Leases in favor of Plaintiff; (ii) the mortgages, liens, and security interests in the respective property, as evidenced by the Mortgages and Assignment of Rents and Leases; and (iii) the rights and remedies of Plaintiff under the Mortgages and the Assignments of Rents and Leases;

D. After due proceedings, a judgment is rendered in favor of Plaintiff and against Defendants specifically reserving the rights of Plaintiff against Defendants, Guarantors, and all other parties for any and all other causes of action not alleged herein, including without limitation all rights against the partners of any defendant partnership and all endorsers, guarantors, indemnitors, sureties, or others, and also reserving all rights in any and all other assets, collateral, property, or security of any kind or type; and

E. After due proceedings, a judgment is rendered in favor of Plaintiff and against Defendants granting Plaintiff such other and further relief as is just and equitable.

Alexandria, Louisiana, this 22nd day of May, 2023.

        Respectfully submitted:

        **GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: **/s/Bradley L. Drell**
   Bradley L. Drell (Bar Roll #24387)
   Heather M. Mathews (Bar Roll #29967)
   P. O. Box 6118
   Alexandria, LA   71307-6118
   Phone: (318) 445-6471
   Fax:  (318) 445-6476
   bdrell@goldweems.com
   hmathews@goldweems.com
*Attorneys for Plaintiff, First Guaranty Bank*