UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FIRST GUARANTY BANK | CIVIL ACTION NO.  23-683 |
| VERSUS | JUDGE DONALD E. WALTER |
| JONATHAN M. LARMORE ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for reconsideration of the Court's Memorandum Ruling and Order (Record Documents 170 and 171) filed by Naperville Investors LLC. See Record Document 173. The court-appointed receiver, Trigild, Inc. ("Trigild") filed an opposition, and Naperville Investors LLC replied. See Record Documents 175 and 179. Based on the following, Naperville Investors LLC's motion is **DENIED**.

## BACKGROUND

This action arises from First Guaranty Bank's enforcement of five commercial loans it made to Defendant, Jonathan Larmore. See Record Document 1. Those loans were secured by mortgages against six shopping centers, four in Illinois, one in Minnesota, and one in Kentucky. See id. On May 23, 2023, First Guaranty Bank filed an "Ex Parte Emergency Consent Motion for Appointment of a Receiver." Record Document 6. On May 24, 2023, the Court entered an "Order of Appointment of Receiver" (the "First Receivership Order") which appointed Trigild as the receiver to take possession of and administer all the defendants' rights with respect to the Receivership Estate. Record Document 8. On June 2, 2023, First Guaranty Bank filed the order and the original complaint in the Northern District of Illinois, which is the district where the property at issue ("the Wheatland Naperville Property") is located. See Record Document 175-3

at 1-39. On June 30, 2023, First Guaranty Bank filed a "Motion to Amend Order to Correct Clerical Error." Record Document 20. On July 5, 2023, the Court entered a "Corrected Receivership Order" (the "Amended Receivership Order") to correct the name of the defendants[1] that owned each respective property. Record Document 21.

Through the Amended Receivership Order, the Court named Trigild as receiver of the properties (the "Receivership Estate"). See id. at 2. The Amended Receivership Order authorized Trigild to "take any and all actions [it] deems reasonable and appropriate to preserve, secure, manage, maintain and safeguard" the mortgagors' interests in the properties, and to "market and, upon further Court order, sell the [properties] to the extent permitted by applicable law." Id. at 2, 4. The Receivership Estate was originally comprised of the six shopping centers located in Illinois, Minnesota, and Kentucky. See Record Documents 1 and 21. This motion concerns only the mortgaged property located in Naperville, Illinois. See Record Document 140-1 at 5.

On November 18, 2024, in accordance with the Amended Receivership Order, Trigild listed the Wheatland Naperville Property for sale on an auction platform known as "Ten X." Record Document 140-4 at 2. Naperville Investors LLC submitted the winning bid of $13,675,000. See id. at 13. On November 20, 2024, Trigild and Naperville Investors LLC entered into a Purchase and Sale Agreement ("the PSA"). See id. at 6-66. On the scheduled closing date of January 16, 2025, Naperville Investors LLC filed suit in Will County, Illinois, seeking the recovery of its earnest money deposit. See Record Document 140-14. In response, Trigild raised the Barton

---

[1] Jonathan M. Larmore is named as a defendant in this matter. The remaining defendants are "juridical persons whose legal and beneficial ownership is held in full by one or more of the following: Jonathan M. Larmore, a domiciliary of Arizona; Michelle Larmore, a domiciliary of Arizona; Robert H. Larmore (deceased), a domiciliary of Indiana; and Marcia Moynahan Larmore, a domiciliary of Indiana." Record Document 1 at 2.

doctrine provision of this Court's Amended Receivership Order as a defense to the state court litigation.

On March 3, 2025, Naperville Investors LLC filed a "Motion to Authorize State Court Lawsuit" (the "Motion"), seeking authority to pursue claims for the return of its earnest money deposit in Illinois state court against Trigild. Record Document 140. Having considered the parties' motions, the record, and the applicable law, the Court (1) determined the <u>Barton</u>[2] doctrine was applicable and denied the Motion to the extent that it sought relief <u>nunc pro tunc</u>; (2) granted the Motion to the extent that it sought relief to refile the recission claims against Trigild; and (3) denied the Motion to the extent that it sought relief to refile the breach of contract claims against Trigild. <u>See</u> Record Document 170 at 22. On August 26, 2025, Naperville Investors LLC filed a motion for reconsideration requesting the Court to alter or amend its ruling to allow Naperville Investors LLC to (1) defend any breach of contract claim by Trigild by demonstrating Trigild was not ready, willing and able to close the transaction; (2) raise lack of subject matter jurisdiction pursuant to 28 U.S.C. § 754; and (3) affirmatively bring a breach of contract claim against Trigild. <u>See</u> Record Document 173 at 6.

<u>**LAW AND ANALYSIS**</u>

**I. Motion for Reconsideration.**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. <u>See</u> <u>Bass v. U.S. Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit "has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b)." <u>S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.</u>, 921 F. Supp. 2d 548, 564 (E.D. La. 2013). Naperville Investors LLC brings this motion pursuant

---

[2] <u>Barton v. Barbour</u>, 104 U.S. 126, 127 (1881).

to Federal Rule of Civil Procedure 54(b), or alternatively, Federal Rule of Civil Procedure 59(e). <u>See</u> Record Document 173 at 2. Rule 59(e) governs when the motion to reconsider is filed within 28 days of the challenged final order. <u>See</u> <u>Clearline Techs. Ltd. v. Cooper B-Line, Inc.</u>, 871 F. Supp. 2d 607, 617 (S.D. Tex. 2012). Rule 54(b) governs when a party seeks to revise an order that adjudicates fewer than all the claims among all the parties. <u>See</u> <u>SnoWizard</u>, 921 F. Supp. 2d at 564. "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." <u>Austin v. Kroger Tex., L.P.</u>, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)) (internal quotation marks omitted). "The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." <u>SnoWizard</u>, 921 F. Supp. 2d at 565.

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." <u>Demahy v. Schwarz Pharma, Inc.</u>, 702 F.3d 177, 182 (5th Cir. 2012). A motion to alter or amend under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." <u>Rosenzweig v. Azurix Corp.</u>, 332 F.3d 854, 863-64 (5th Cir. 2003). A district court has considerable discretion as to whether to grant a Rule 59(e) motion. <u>See</u> <u>Clearline</u>, 871 F. Supp. 2d at 617. Rule 59(e) "is an extraordinary remedy that should be used sparingly." <u>Templet v. Hydrochem Inc.</u>, 367 F.3d 473, 479 (5th Cir.2004). When no independent reason for reconsideration exists other than mere disagreement with a prior order, "reconsideration is a waste of judicial time and resources and should not be granted." <u>SnoWizard</u>, 921 F. Supp. 2d at 566.

## II. Affirmative Defenses.

In the Motion, Naperville Investors LLC requested permission from this Court to file a breach of contract claim against Trigild. See Record Document 140 at 14-15. The PSA required Trigild to (1) provide clear title to the Wheatland Naperville Property by special warranty deed subject only to "Acceptable Encumbrances;" and (2) supply an affidavit stating "[t]here have been no improvements, alterations or repairs to the [Wheatland Naperville] Property authorized by [Trigild] for which the costs thereof remain unpaid; there are no construction, materialmen's or laborers liens against the [Wheatland Naperville] Property arising through work performed by or for [Trigild]." Record Document 140-4 at 10 and 43. Naperville Investors LLC previously argued that Trigild breached the PSA because "Trigild was unable to make such affirmations and never delivered a signed affidavit due to alleged work performed by tenants and the existence of potential unrecorded lien claims." Record Document 170 at 11 (citing Record Document 140-1 at 14). In its prior ruling, this Court found "that Naperville Investors LLC never put Trigild on notice to cure the alleged title objections" as required by the PSA, and therefore, the Court rejected Naperville Investors LLC's breach of contract claim that Trigild failed to deliver clear title. Record Document 170 at 12.

Now, Naperville Investors LLC "requests clarification from this Court that Naperville Investors [LLC] is permitted to assert, as a defense to any affirmative claim by Trigild for the earnest money proceeds, that Trigild was not ready, willing and able to perform its closing obligations." Record Document 173 at 3. The Barton doctrine provides that "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." Barton, 104 U.S. at 128. In its previous ruling, this Court found that the Illinois lawsuit constituted an action against a receiver for acts committed in his official capacity, and therefore, the Barton doctrine

required Naperville Investors LLC to obtain leave from this Court, as the receivership court, before prosecuting those claims. See Record Document 170 at 7. "[A] central purpose of the Barton Doctrine is to ensure the receiver's appointing court control over the receivership assets, and the jurisdictional requirement that plaintiffs seek leave before filing suit continues to be enforced because it implements major policies deemed to be of overriding importance." McIntire v. China MediaExpress Holdings, Inc., 113 F. Supp. 3d 769, 775 (S.D.N.Y. 2015).

Naperville Investors LLC's position is that "Trigild can only recover if it was able to close the transaction, regardless of whether Naperville Investors [LLC] served a proper notice of default." Record Document 179 at 3. The Court notes that Trigild has not sought authority from this Court to prosecute any claim for the recovery of the earnest money. See Record Document 173 at 4. Nevertheless, the Barton doctrine is designed to regulate actions brought against a receiver in another court. Naperville Investors LLC fails to provide any authority to support that Barton requires a party to obtain leave from the receivership court to assert a defense to a receiver's claim, and the Court has not found any precedent to support that contention. Therefore, the Court declines to expand Barton beyond its established purpose and application. Accordingly, the Court finds that Naperville Investors LLC may assert its defenses without first obtaining leave from this Court.

## III. Jurisdiction.

Additionally, Naperville Investors LLC requests that this Court rule on its argument that there was no subject matter jurisdiction pursuant to 28 U.S.C. § 754 over Trigild's proceedings to sell the Wheatland Naperville Property to any party, including Naperville Investors LLC. See Record Document 173 at 4. Naperville Investors LLC argues Trigild failed to comply with Section 754 because (1) First Guaranty Bank filed the complaint and the First Receivership Order in the

6

Northern District of Illinois; (2) an incomplete copy of the complaint was filed, without the verification and exhibits; and (3) only the First Receivership Order was filed, not the Amended Receivership Order. See Record Document 173 at 4-5. Naperville Investors LLC concludes that Trigild's failure to comply with Section 754 impaired the Wheatland Naperville Property's title because there was no jurisdiction over the sale of the Wheatland Naperville Property. See id.

As required by Section 754, court-appointed receivers in civil actions have the following duties:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
>
> Such receiver shall, **within ten days after the entry of his order of appointment**, file copies of the complaint and such order of appointment in the district court for each district in which property is located. **The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.**

28 U.S.C. § 754 (emphasis added). "[I]t is well established that an insufficient filing under Section 754 is an argument against personal jurisdiction, rather than an argument against subject matter jurisdiction." Klein v. Georges, 12-76, 2012 WL 5844962, at * 1 (D.Utah Nov. 19, 2012). "The court in which the federal receiver is appointed thus has ancillary subject-matter jurisdiction of suits brought by the receiver in the execution of his duties," and "the territorial jurisdiction of the appointing court is extended to any district of the United States where property believed to be that of the receivership estate is found, provided that the proper documents have been filed in each such district as required by [Section] 754." Haile v. Henderson Nat. Bank, 657 F.2d 816, 823-24 (6th Cir. 1981).

The Wheatland Naperville Property is located at 3125-3224 Illinois Route 59, Naperville, Illinois 60564. See Record Document 127. On December 4, 2024, Trigild filed a notice that it conducted an auction of the Wheatland Naperville Property. See Record Document 125. The notice further stated that as a result of the auction, Trigild agreed to sell the Wheatland Naperville Property to Naperville Investors LLC "free and clear of all liens, claims, encumbrances, and other interests, except for allowed encumbrances." Id. No objections were filed. On December 16, 2024, Trigild filed a motion to sell the Wheatland Naperville Property to Naperville Investors LLC, and the Court granted the motion. See Record Documents 126 and 127. The Court notes that no objections were filed by any party at the time the motion to sell was granted. However, the Court will nevertheless address Section 754 compliance.

On May 23, 2023, First Guaranty Bank filed a motion for appointment of a receiver, and the next day, the Court entered the First Receivership Order which appointed Trigild as the receiver of the Receivership Estate. See Record Document 8. On June 2, 2023, First Guaranty Bank filed the First Receivership Order and the original complaint in the Northern District of Illinois, which is the district where the Wheatland Naperville Property is located. See Record Document 175-3 at 1-39. First Guaranty Bank filed the documents on behalf of Trigild. See id. at 2. On June 30, 2023, First Guaranty Bank filed a "Motion to Amend Order to Correct Clerical Error." Record Document 20. On July 5, 2023, the Court entered the Amended Receivership Order to correct the name of the defendants that owned each respective property. See Record Document 21. Trigild did not file the Amended Receivership Order in the Northern District of Illinois. See Record Document 173 at 5.

The Third Circuit explained that the filing requirement under Section 754 is best understood as a mechanism to allow the receiver to decide whether to assume responsibility for property in other districts. See Sec. & Exch. Comm'n v. Equity Serv. Corp., 632 F.2d 1092, 1095

(3d Cir. 1980). The affirmative act of filing ensures the receiver will not be held accountable for property about which they have no knowledge. See id. In light of that purpose, the court concluded that a receiver who fails to file within the ten-day period may later reassume jurisdiction by filing, so long as no prejudice to others results in the meantime. See id. Furthermore, "courts may excuse compliance with [Section] 754 only where compelling reasons exist for [the r]eceiver and there is no prejudice to the subject party." Sec. & Exch. Comm'n v. Beasley, No. 22-00612, 2022 WL 17061196, at *4 (D. Nev. Nov. 17, 2022).

First, Naperville Investors LLC argues that Trigild failed to comply with Section 754 because First Guaranty Bank filed the complaint and the First Receivership Order in the Northern District of Illinois—not Trigild. See id. The purpose of Section 754 is to ensure that the receiver affirmatively assumes responsibility for out-of-district property and that interested parties receive notice. See Equity, 632 F.2d at 1095. Here, the filing identified the First Receivership Order, the receiver, the receivership court, and Wheatland Naperville Property, complying with the statute's purpose. Because the statutory purpose was met and Naperville Investors LLC has not shown any prejudice, the Court concludes that the technical fact that First Guaranty Bank on behalf of Trigild—rather than the Trigild—submitted the filing does not defeat compliance with Section 754. See Beasley, 2022 WL 17061196, at *4.

Next, Naperville Investors LLC alleges that Trigild failed to comply with the statute because an incomplete copy of the complaint was filed, without the verification and exhibits. See Record Document 173 at 5. First Guaranty Bank filed the First Receivership Order and the original complaint in the Northern District of Illinois. See Record Document 175-3 at 1-39. In the filing, First Guaranty Bank noted that "[t]he relevant exhibits filed with the [c]omplaint are not included in Exhibit "A", but will be provided by undersigned counsel upon request." Id. at 2 n1. Given that

disclosure, the omission of exhibits did not frustrate the purpose of Section 754 or deprive any parties of notice. Furthermore, no party raised any objection to the filing until months after the sale had been approved, and Naperville has not demonstrated any prejudice flowing from the omission. Under these circumstances, and consistent with precedent recognizing that compliance with Section 754 may be excused where compelling reasons exist and no prejudice results, the Court concludes that the filing was sufficient to sustain jurisdiction over the Wheatland Naperville Property. See Beasley, 2022 WL 17061196, at *4.

Lastly, Naperville Investors LLC argues that Trigild failed to comply with Section 754 because only the First Receivership Order was filed, not the Amended Receivership Order. See Record Document 173 at 5. On June 30, 2023, First Guaranty Bank filed a "Motion to Amend Order to Correct Clerical Error." Record Document 20. On July 5, 2023, the Court entered a "Corrected Receivership Order" to correct the name of the defendants who owned each respective property. Record Document 21. In most cases, the issue is that the original receivership order was never filed, and courts will excuse the compliance as long as the receiver is reappointed and files within the ten-day period of reappointment, as long as no prejudice to others results in the interim. See e.g., Equity, 632 F.2d at 1095; Beasley, 2022 WL 17061196, at *4; Sec. & Exch. Comm'n v. Vision Commc'ns, Inc., 74 F.3d 287, 291 (D.C. Cir. 1996) ("[T]he court may reappoint the receiver and start the ten-day clock of [Section] 754 ticking once again. Presumably, the receiver will take advantage of his second chance to comply with [Section] 754 and promptly file the necessary papers . . . Once he does so, the receiver will have jurisdiction over the . . . property . . . ."). Here, by contrast, Trigild did comply with the statute by filing the First Receivership Order in the Northern District of Illinois within the ten-day period, and the later amendment did not alter the substance of Trigild's authority but merely corrected clerical errors in the defendants' names.

Because the statutory purpose of Section 754 was satisfied by the original filing, and the amendment was only clerical, the Court finds that Trigild fully complied with Section 754. Thus, the Court rejects Naperville Investors LLC's argument that there was no jurisdiction over Trigild's proceedings to sell the Wheatland Naperville Property to any party, including Naperville Investors LLC.

## IV. Breach of Contract.

Naperville Investors LLC requests this Court to amend its ruling denying Naperville Investors LLC's breach of contract claim. See Record Document 179 at 8-10. To amend its previous ruling, Naperville Investors LLC bears the burden to show that either (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence that was previously unavailable; or (3) a manifest error of law or fact occurred. See Demahy, 702 F.3d at 182. Naperville Investors LLC requested to bring a breach of contract claim against Trigild because Trigild was not ready, willing, and able to close the transaction. See Record Document 179 at 8. Now, Naperville Investors LLC asserts that the Court should grant it leave to file the breach of contract claim against Trigild because Trigild's failure to comply with Section 754 impaired the Wheatland Naperville Property's title because there was no jurisdiction over the sale of the Wheatland Naperville Property.

As discussed *supra*, the Court finds that Trigild fully complied with Section 754. Therefore, the Court had jurisdiction to grant Trigild's motion to sell the Wheatland Naperville Property. Accordingly, Naperville Investors LLC has not met its burden to justify reconsideration of the Court's prior ruling. It has shown no intervening change in controlling law, no newly discovered evidence, and no manifest error of law or fact. See Demahy, 702 F.3d at 182. The Court denies Naperville Investors LLC's request for leave to pursue a breach of contract claim against Trigild.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Naperville Investors LLC's motion for reconsideration (Record Document 173) is **DENIED**.

An order consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 26th day of September, 2025.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE